E-FILED on      4/28/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendants. | No. C-05-03996 RMW<br><br>ORDER TRANSFERRING CASE UNDER 28 U.S.C. § 1404(a)<br><br>**[Re Docket Nos. 32, 35]** |

　　Plaintiff Jose Hernandez moves to transfer his action under 28 U.S.C. § 1404(a) to the U.S. District Court for the Central District of California. The defendants "take no position on the motion." Response at 2. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

　　On October 3, 2005, Hernandez filed a putative class-action complaint against defendants Equifax Information Services, LLC; Trans Union, LLC; and Experian Information Solutions, Inc. Hernandez alleges that the defendants violated the Fair Credit Reporting Act ("FCRA")—specifically, 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.")—by wilfully including information on

debts discharged in bankruptcy on credit reports, despite knowing or having reason to know such debts had been discharged. Hernandez seeks to represent a class consisting (aside from a few standard exceptions) of all U.S. residents "who, although their Chapter 7, schedule F debts were fully discharged, were the subject of" a credit report issued by a defendant "in the last two years" in which the defendant "wilfully failed to comply with the FCRA by failing to accurately report the consumer's discharged schedule F debts." 1st Am. Compl. ¶ 15.

The parties report there are several similar cases in the Central District: *White v. Experian Information Solutions Inc.*, Case No. SA CV 05-1070 DOC (MLGx); *White v. Trans Union LLC*, Case No. SA CV 05-1073 DOC (MLGx); *Pike v. Equifax Information Services LLC*, Case No. SA CV 05-1172 AHS (ANx); and *White v. Equifax Information Services, LLC*, Case No. CV 05-7821 DOC (MLGx). The three *White* cases have been deemed related and are presently before Judge David O. Carter. *Pike* is presently before Chief Judge Alicemarie H. Stotler, having been transferred to her after she determined it was related to an earlier, voluntarily-dismissed case before her, *Pike v. Equifax Information Services*, Case No. SA CV 05-0956 AHS (ANx). (Both Chief Judge Stotler and Judge Carter sit in the Southern Division of the Central District.) On April 25, 2006, Judge Carter ordered Equifax to file a notice of related case to facilitate coordination or consolidation of the pending *Pike* action and the *White* actions.

The proposed classes in the *White* cases generally consist of U.S. residents who had debts discharged in Chapter 7 bankruptcy yet still listed on a credit report by Experian, Equifax, or Trans Union after March 14, 2002. The record does not contain information on the proposed class in *Pike*.

## II. ANALYSIS

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Under § 1404(a), the district court has discretion to adjudicate motions for

1  transfer according to an individualized, case-by-case consideration of convenience and fairness."
2  *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000).

3   Hernandez alleges both 15 U.S.C. § 1681p and 28 U.S.C. § 1332(d)(2) give this court
4  jurisdiction over his action, and it appears that both statutes make Hernandez's action one which
5  "might have been brought" in the Central District of California.  It would be "in the interest of
6  justice" to have potentially competing putative class actions all handled by a single judge; any other
7  treatment would be wasteful and duplicative.  Likewise, the defendants and any witnesses who
8  would be called in both Hernandez's action here and the Central District litigation would find it far
9  more convenient to appear just once.  Hernandez reports that Experian's headquarters and Trans
10 Union's second-largest facility are in the Central District.  Mot. at 2.  The record does not disclose
11 any particular connection any named party has with the Northern District.

12  The parties suggest the court also consider several non-statutory factors, only some of which
13 appear relevant to these particular circumstances.  It is appropriate to consider "the plaintiff's choice
14 of forum."  *Jones*, 211 F.3d at 498.  From Judge Carter's April 20, 2006 order in the *White* actions, it
15 appears the plaintiffs in the instant case and the *White* actions have agreed among themselves to seek
16 to transfer Hernandez's case to the Central District rather than transfer of the *White* actions here.
17 Transfer to the Central District would, under the circumstances, provide maximum accommodation
18 to the various plaintiffs' choices of fora.

19  Another factor for consideration is which case was filed first.  "Where transfer of related
20 cases is contemplated, the prior pending action has priority in venue."  *Am. Tel. & Tel. Co. v. MCI*
21 *Commc'ns Corp*., 736 F.Supp. 1294, 1308 (D.N.J. 1990) (internal quotation marks omitted).
22 Hernandez filed his original complaint on October 3, 2005.  Terri White filed her three complaints
23 on November 2, 2005.  Kathryn Pike's original state-court complaint was removed to the Central
24 District on October 3, 2005; it was voluntarily dismissed four days later.  Pike's current action was
25 removed on November 30, 2005.  Hernandez's action thus appears to be the first filed among those
26 currently pending.

27  Hernandez points out that it is administratively simpler to transfer his action to the Central
28 District than have what are currently four actions before two judges transferred here.  While this is

ORDER TRANSFERRING CASE UNDER 28 U.S.C. § 1404(a)—No. C-05-03996 RMW
JAH                                              3

1  true, Hernandez presumes transfer here of the other four actions would be appropriate—a question
2  not before this court.

3      Hernandez also claims that White "seek[s] to certify a broader class than" he does.  The
4  primary difference in the proposed class definitions between Hernandez's action and White's actions
5  considered collectively is that Hernandez's proposed definition class involves credit reports for a
6  two-year period, while White's involves a four-year period.  How much broader this makes White's
7  proposed definition is unclear, as the statute of limitations for the plaintiffs' claims is the shorter of
8  five years from the violation or  two years from discovery of the violation.  *See* 15 U.S.C. § 1681p.
9  The record does not disclose the breadth of the class Pike seeks certify.

10     Prior to the hearing on this motion, the court announced that its tentative ruling was to grant
11 the motion.  At the hearing, no party objected to that tentative ruling.

12     Considering all the relevant factors, transfer of Hernandez's case to the Central District under
13 § 1404(a) is warranted.  The statutory factors indicate the transfer is appropriate, and none of the
14 non-statutory factors carry much weight in this instance.  A transfer under § 1404 to a "district or
15 division" rather than an individual judge.  As this court is transferring Hernandez's action because it
16 appears to be related to cases pending in the Southern Division of the Central District, transfer to
17 that division is appropriate.  Any decision on coordination or consolidation, though, belongs to the
18 Central District.

### III.  ORDER

20     For the foregoing reasons, the court grants Hernandez's motion and transfers this action to
21 the U.S. District Court for the Central District of California, Southern Division.

25 DATED:    4/28/06        *Ronald M Whyte*
    RONALD M. WHYTE
26     United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Cynthia B. Chapman        cbc@caddellchapman.com
George Y. Nino

**Counsel for Defendants:**

Albert Finch              tfinch@eakdl.com
Bradley J. Miller          bmiller@kilpatrickstockton.com
Cindy Dawn Hanson
Kali Wilson Beyah
Brian C. Frontino         bfrontino@stroock.com
Stephen J. Newman     snewman@stroock.com
Michael G. Morgan     mgmorgan@jonesday.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Courtesy copies will be sent to Chief Judge Alicemarie H. Stotler and Judge David O. Carter.**

**Dated:**    4/28/06

**Chambers of Judge Whyte**

ORDER TRANSFERRING CASE UNDER 28 U.S.C. § 1404(a)—No. C-05-03996 RMW
JAH    5